STATE OF NORTH CAROLINA v. FRANKIE ELAINE BROWN

No. 9021SC235

(Filed 18 December 1990)

**1. Criminal Law § 42.6 (NCI3d) — cocaine seized from defendant's residence — no showing of detailed chain of custody required**

The State did not need to establish a detailed chain of custody of cocaine seized from defendant's residence, since the evidence in question was identified as the same evidence involved in the incident, and there was never a question at trial that the items offered had undergone any material change.

**Am Jur 2d, Evidence § 774.**

**2. Narcotics § 3.3 (NCI3d) — expert's opinion as to weight of cocaine — proper foundation**

The trial court did not err in admitting an expert's testimony concerning the weight of cocaine seized from defendant's residence, and there was no merit to defendant's contention that the State allegedly failed to establish a proper foundation for its admission, since defendant did not request on cross-examination that the witness state the basis for his opinion. N.C.G.S. § 8C-1, Rule 705.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 44; Expert and Opinion Evidence § 121.**

**3. Narcotics § 4.3 (NCI3d) — constructive possession of cocaine — sufficiency of evidence**

Evidence was sufficient to show defendant's constructive possession of cocaine where it tended to show that officers

found one bag of cocaine in a cookie jar in defendant's kitchen, an area in her house and under her control; they observed defendant throw another bag of cocaine into the kitchen sink; and defendant was in such close juxtaposition to the cocaine that the jury could have reasonably concluded that defendant had constructive possession of the cocaine.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

**Conviction of possession of illicit drugs found in premises of which defendant was in nonexclusive possession. 56 ALR3d 948.**

4. **Narcotics § 4 (NCI3d) — possession of drug paraphernalia — sufficiency of evidence**

The trial court did not err in denying defendant's motion to dismiss the charge of possession of drug paraphernalia where the evidence tended to show that officers conducted a search of defendant's premises and found a test tube cooker, a glass bottle and a glass pipe of the type used for drugs, and two packs of rolling papers.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

**Prosecution based upon alleged illegal possession of instruments to be used in violation of narcotic laws. 92 ALR3d 47.**

5. **Criminal Law § 133 (NCI4th) — tender of guilty plea to lesser offense — no plea arrangement with State — court's refusal to accept proper**

The trial court did not err in refusing to accept defendant's tender of a guilty plea to a lesser offense, since defendant had no prior plea arrangement with the State; the State opposed defendant's offer to plead guilty to the lesser offense; and it was within the court's discretion to determine whether to accept or reject defendant's plea.

**Am Jur 2d, Criminal Law § 488.**

APPEAL by defendant from judgment entered 28 September 1989 by *Judge W. Steven Allen, Sr.*, in FORSYTH County Superior Court. Heard in the Court of Appeals 24 October 1990.

On 7 August 1989, defendant was indicted under N.C. Gen. Stat. § 90-95 for trafficking by possession of cocaine, possession

STATE v. BROWN

[101 N.C. App. 71 (1990)]

of cocaine with intent to sell and felonious possession of cocaine. Further, defendant was indicted for "maintaining a building for use and sell of controlled substances" under N.C. Gen. Stat. § 90-108(a)(7) and (b).

Defendant's trial on the above charges began 27 September 1989. On 28 September 1989, a jury found defendant guilty of trafficking by possession of more than 28 grams of cocaine, two counts of simple possession of cocaine, of knowingly keeping and maintaining a building which was used for the purpose of keeping and selling controlled substances and knowingly possessing with the intent to use drug paraphernalia to introduce into the body a controlled substance. The trial court sentenced defendant to a total of ten years imprisonment and vacated the conviction for felony possession of cocaine.

Defendant appeals from the judgment of 28 September 1989.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General K.D. Sturgis, for the State.*

*Lawrence J. Fine for defendant-appellant.*

ORR, Judge.

Defendant makes five assignments of error on appeal. For the reasons below, we find that the trial court did not err and affirm its judgment of 28 September 1989.

The following facts are pertinent to this case on appeal. Officer J.E. Swaim of the Winston-Salem Police Department testified at trial that around 3:40 a.m. on 8 June 1989, he observed a yellow taxi in the 800 block of Woodcote Street. The taxi drove onto Charles Court, which runs parallel to Woodcote Street. He had been ordered to watch for a yellow taxi in this area which was allegedly transporting illegal drugs.

As he approached the cab, Officer Swaim observed defendant seated in the back seat of the taxi with several shopping bags and also observed a man (later identified as James Hargrove) seated in the front seat. While talking to the taxi driver, Officer Swaim observed defendant and Hargrove exit the taxi to go into defendant's house to get money to pay the driver. The taxi driver told Officer Swaim that defendant and Hargrove were going to 846 Woodcote Street.

Officer Swaim then drove from Charles Court to 846 Woodcote Street. It took less than a minute for him to arrive. As he drove up, he saw defendant standing in the front yard in front of the porch. Officer Swaim asked defendant if he could enter the house and defendant agreed. As he entered the house, he heard noise at the back of the house that sounded like someone going out the back door (the officers involved in the subsequent search of the premises were unable to determine if anyone left the house).

Defendant and Hargrove were in the kitchen, and Hargrove acted nervous. Officer Swaim requested that Hargrove keep his hands out of his pockets, but Hargrove refused. Officer Swaim then conducted a pat-down search on Hargrove and found 2.07 grams of cocaine and some marijuana.

When other officers arrived, Officer Swaim placed Hargrove under arrest. At that time Officer Swaim and another officer observed defendant throw an object into the kitchen sink. Officer Swaim retrieved the object which was later identified as a plastic bag containing 3 grams of cocaine.

The officers conducted a search of the premises with defendant's verbal and written permission, and discovered a ziplock bag containing 107.08 grams of cocaine in a cookie jar in the pantry, a test tube cooker, a glass bottle and a glass pipe of the type used for drugs and two packs of rolling papers. The officers also found an electric bill addressed to defendant at the same address. The officers then arrested defendant for several drug related offenses.

I.

Defendant's first four assignments of error deal with motions to dismiss based upon evidentiary issues. The last one addresses an attempt to plead guilty to a lesser offense. We shall address them in order. We note at the outset that in ruling on a motion to dismiss, the trial court must view all evidence in the light most favorable to the State and give the State the benefit of every inference. *State v. Griffin*, 319 N.C. 429, 433, 355 S.E.2d 474, 476 (1987) (citation omitted).

[1] Defendant first argues that the trial court erred in denying her motion to dismiss the indictments for trafficking by possession of cocaine, possession of cocaine with intent to sell and felonious possession of cocaine because there was no competent evidence

that the evidence seized was contraband in violation of the Controlled Substances Act.

Defendant maintains that the State "failed to put forward any evidence that the evidence seized from the Defendant and her residence was the same evidence analyzed by Dr. Leake [sic] [the State's forensic chemist and expert witness]." The basis for this argument is that the State allegedly failed to establish a detailed chain of custody for the contraband between the arresting officers and the forensic chemist. This argument is without merit.

It is well-settled law in this State that a two-pronged test must be met before real evidence may be admitted into evidence: (1) the evidence offered must be identified as the same object in question, and (2) it must be established that the evidence has not undergone a material change. *State v. Zuniga*, 320 N.C. 233, 255, 357 S.E.2d 898, 912-13, *cert. denied*, 484 U.S. 959, 108 S.Ct. 359, 98 L.Ed.2d 384 (1987), *citing, State v. Campbell*, 311 N.C. 386, 388-89, 317 S.E.2d 391, 392 (1984). The trial court has sound discretion to determine the standard of certainty required to show that the evidence offered is the same as the one involved in the incident and has not been changed materially. *Id.* A detailed chain of custody must be established only if the evidence offered is not readily identifiable or is susceptible to alteration and such alteration has been alleged. *Id.* Moreover, if there are weak links in the chain of custody, these links relate to the weight of the evidence, not its admissibility. *Id.*

Based upon the above principles of law, we find that the State met both prongs of the test, and that a detailed chain of custody need not be established because defendant did not raise an issue regarding alteration of the evidence. First, all evidence in question was identified as the same evidence involved in the incident. At trial, Officer Swaim identified the plastic bag of cocaine (State's Exhibit 2) as the same one defendant threw in the sink. Officer Swaim testified that he kept the evidence in his possession until he sent it to the forensic lab for analysis. He further testified that he removed a bag containing a white powdery substance from a cookie jar in defendant's kitchen (State's Exhibit 4) and kept that in his possession until he sent it to the forensic lab for analysis.

Dr. Leak, forensic chemist, testified that he received the above evidence and placed it in his private locker at the lab until he analyzed it and then returned it to Officer Swaim. He then testified

that State's Exhibit 2 contained three grams of cocaine and State's Exhibit 4 contained 107.08 grams of cocaine. We find this to be sufficient to meet the first prong of the test.

Second, there was never a question at trial that the items offered had undergone any material change. The above testimony establishes that Officer Swaim seized the items of evidence in question and kept them in his possession until he sent them for analysis. Dr. Leak received the evidence, analyzed it, marked it for identification and returned it to Officer Swaim. We find this to be sufficient evidence that the items offered into evidence had not undergone a material change.

Further, we find that the State did not need to establish a detailed chain of custody under the above principles of law because defendant never raised an issue at trial that the evidence was not readily identifiable or had been altered in any way. Therefore, defendant's arguments concerning the chain of custody of Exhibits 2 and 4 are without merit.

[2] Defendant next argues that the trial court erred in admitting Dr. Leak's testimony concerning the weight of the cocaine in State's Exhibit 4 because the State allegedly failed to establish a proper foundation for its admission. We find no error.

Under N.C. Gen. Stat. § 8C-1, Rule 705 (1988),

> The expert may testify in terms of opinion or inference and give his reasons therefor without prior disclosure of the underlying facts or data, unless an adverse party requests otherwise, in which event the expert will be required to disclose such underlying facts or data on direct examination or voir dire before stating the opinion. The expert may in any event be required to disclose the underlying facts or data on cross-examination. There shall be no requirement that expert testimony be in response to a hypothetical question. (1983, c. 701, s. 1.)

Under this rule, an expert does not have to identify the basis of his opinion, absent a specific request by opposing counsel. *State v. Fletcher*, 92 N.C. App. 50, 57, 373 S.E.2d 681, 686 (1988); *Cherry v. Harrell*, 84 N.C. App. 598, 353 S.E.2d 433, *disc. review denied*, 320 N.C. 167, 358 S.E.2d 49 (1987).

STATE v. BROWN

[101 N.C. App. 71 (1990)]

In the case *sub judice*, Dr. Leak testified that he conducted certain tests on State's Exhibit 4 and determined that it was cocaine. The State then asked Dr. Leak to "describe the weight of the cocaine . . . ." Dr. Leak replied that, "[i]t was 107.08 grams." On cross-examination, defendant did not request that Dr. Leak state the basis for his opinion that the cocaine weighed 107.08 grams. Because defendant failed to request the factual basis for Dr. Leak's opinion as required under Rule 705, we find that the trial court did not err in permitting the expert testimony concerning the weight of the cocaine.

Moreover, defendant's reliance on *State v. Diaz*, 88 N.C. App. 699, 365 S.E.2d 7, *cert. denied*, 322 N.C. 327, 368 S.E.2d 870 (1988), is misplaced. In *Diaz*, this Court recognized that there is no statutorily prescribed method for weighing contraband under N.C. Gen. Stat. § 90-95(h), and in this context, stated, "ordinary scales, common procedures, and reasonable steps to ensure accuracy must suffice." *Id.* at 702, 365 S.E.2d at 9. In *Diaz*, the expert testified to the exact methods of weighing the contraband and the factual basis for the opinion testimony. *Id. Diaz* does not apply when the opposing party on cross-examination does not request the factual basis for the opinion. Under *Diaz* (and Rule 705), a defendant may not fail to request the factual basis for expert opinion and subsequently raise an issue on appeal of sufficiency of the evidence to support such opinion.

**[3]** Defendant next argues that the trial court erred in denying her motion to dismiss the charge of trafficking by possession of cocaine on the ground of insufficient evidence to show that she had constructive possession of cocaine. We have reviewed this assignment of error and find it to be without merit.

In *State v. King*, 99 N.C. App. 283, 393 S.E.2d 152 (1990), this Court stated,

> An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use. Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession. Also, the State may overcome a motion to dismiss or motion for judgment

as of nonsuit by presenting evidence which places the accused 'within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession.' (Citations omitted.)

*Id.* at 287-88, 393 S.E.2d at 155, *citing, State v. Leonard*, 87 N.C. App. 448, 455, 361 S.E.2d 397, 401 (1987), *disc. review denied and appeal dismissed*, 321 N.C. 746, 366 S.E.2d 867 (1988).

The facts in the present case establish that defendant was in constructive possession of the cocaine. First, the police officers found the cocaine in defendant's house. They found one bag in a cookie jar in defendant's kitchen and observed defendant throw another bag of cocaine into the kitchen sink. While defendant may deny knowledge of the cocaine found in the cookie jar, it was found in her house in an area under her control. Second, defendant was in such "close juxtaposition" to the cocaine that the jury could have reasonably concluded that defendant had constructive possession of the cocaine.

Finally, the courts in this State have found constructive possession of contraband under similar circumstances. *See State v. Williams*, 307 N.C. 452, 298 S.E.2d 372 (1983) (sufficient evidence of constructive possession exists when bills addressed to defendant were found in a dwelling next to an outbuilding containing heroin, and the mailbox in front of the dwelling bore defendant's name); *State v. Allen*, 279 N.C. 406, 183 S.E.2d 680 (1971) (constructive possession is a jury issue when heroin found in defendant's residence even though defendant was not on the premises at the time of discovery); *State v. King*, 99 N.C. App. 283, 393 S.E.2d 152 (1990) (constructive possession for both defendants when cocaine found in a bedroom in defendants' residence, and one defendant was outside and one inside during the search).

[4] Defendant's final assignment of error concerning sufficiency of the State's evidence is whether the trial court erred in denying defendant's motion to dismiss the charge of possession of drug paraphernalia. We have reviewed this assignment of error and find that the trial court did not err. *See generally* N.C. Gen. Stat. § 90-113.21(b) (1985) (factors which may be considered with other relevant evidence in determining whether a particular object is drug paraphernalia). *Cf. State v. Nichols*, 268 N.C. 152, 150 S.E.2d 21 (1966) (a defendant's unexplained possession of several legitimate implements such as gloves, chisels, tape, crowbars, hammers and

punches, in the middle of the night, near a closed grocery store which he was leaving where the lock was damaged, far from his residence, held sufficient to establish that the implements were tools used in the burglary).

## II.

[5] Defendant's remaining assignment of error concerns whether the trial court erred in refusing to accept her tender of a guilty plea to felonious possession of cocaine. We find no error.

At trial, after the jury was empaneled and before any evidence was taken, defendant tendered a plea of guilty to felony possession of more than one gram of cocaine. This offense is a lesser included offense of possession with intent to sell more than one gram of cocaine, which is a lesser included offense of trafficking by possession of more than 28 grams of cocaine. *See State v. McGill*, 296 N.C. 564, 251 S.E.2d 616 (1979); *State v. Rich*, 87 N.C. App. 380, 361 S.E.2d 321 (1987); *State v. Peoples*, 65 N.C. App. 168, 308 S.E.2d 500 (1983).

Defendant had no prior plea arrangement with the State. The State opposed defendant's offer to plead guilty to felony possession of more than one gram of cocaine. The trial court ruled in the State's favor on the ground that the State was entitled to convict defendant of the crimes charged and that defendant could not force the State to accept a plea.

This issue has not been addressed specifically in the courts of this State. We receive guidance, however, from *State v. Collins*, 300 N.C. 142, 265 S.E.2d 172 (1980), and *State v. McClure*, 280 N.C. 288, 185 S.E.2d 693 (1972).

In *McClure*, our Supreme Court stated that it is within the discretion of the trial court to determine whether or not to accept a defendant's plea, and it is the duty of the trial court, in accepting a plea, to determine if it is knowingly, understandingly and voluntarily made. 280 N.C. at 293-94, 185 S.E.2d at 696-97, *citing, North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Although *McClure* addressed a defendant who had pled guilty to second degree murder without expressly admitting his guilt, the facts of this case have no bearing on the above principle that whether or not to accept a plea is within the sound discretion of the trial court.

Therefore, we find that under the facts in the present case, the trial court has the discretion to accept or reject a defendant's plea. To overcome the trial court's ruling, defendant must show prejudicial error under N.C. Gen. Stat. § 15A-1443 (1988). Defendant has shown no prejudice.

The test under § 15A-1443 is whether there is a reasonable possibility that a different result would have been reached at trial had the error not been committed. *State v. Martin*, 322 N.C. 229, 367 S.E.2d 618 (1988). The jury convicted defendant of, *inter alia*, two counts of simple possession of cocaine. At the sentencing phase, the trial court vacated the conviction on one count of simple possession of cocaine as a lesser included offense of the charge of felony possession of more than one gram of cocaine, the crime to which defendant offered to plead guilty. Therefore, the crime to which defendant sought to plead guilty was vacated, and there was no prejudice.

In *Collins*, the trial court refused to enforce a plea arrangement between the defendant and the prosecutor. Relying on contract principles, our Supreme Court stated that there is no absolute right of a defendant to have a guilty plea accepted by the court. 300 N.C. at 148, 265 S.E.2d at 176.

We find this equally applicable in the case *sub judice*. Under *Collins* and the cases cited therein, a trial court may not force a defendant to enter into a plea agreement with the State, and likewise, may not force the State to enter into a plea agreement with a defendant. As in *Collins*, our defendant had neither entered a guilty plea prior to trial nor relied on any plea agreement to his detriment. Defendant simply can show no reason why the trial court may force the State to accept her offer to plead guilty to the offense which carried the least punishment.

Moreover, we find no statutory or other authority which places such an unreasonable burden on the State. If we accepted defendant's argument in the present case, it would be possible for any defendant to maintain his innocence until trial, and avoid conviction of the most serious offenses charged, simply by pleading guilty to a lesser included offense. Further, if a trial court could force the State to accept a defendant's guilty plea at trial to a lesser included offense, it may force the State to accept a plea at trial that it would not accept during plea negotiations at an earlier stage. We find this to be unacceptable and will not authorize such.

The State has every right to attempt to convict a defendant of the crimes charged.

In summary, for the above reasons, we find that the trial court did not err in its judgment of 28 September 1989, and therefore, affirm the judgment.

Affirmed.

Judge GREENE concurs.

Judge DUNCAN concurred prior to 29 November 1990.