STATE OF NORTH CAROLINA
v.
TERRANCE ROBERT WHITLEY
No. COA08-1246
Court of Appeals of North Carolina
Filed August 18, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Brandon L. Truman, for the State.
S. Hannah Demeritt for defendant appellant.
ROBERT N. HUNTER, Jr., Judge.
Following a jury trial on 1 April 2008 in Martin County Superior Court, Terrance Robert Whitley was convicted on two counts of assault with a deadly weapon with intent to kill inflicting serious injury. Defendant gave timely notice of appeal under N.C. Gen. Stat. §§ 7A-27 and 15A-1444(a) (2007). This Court holds that any error made by the trial court was harmless error and does not rise to the level of plain error. As to defendant's claim of ineffective assistance of counsel, we dismiss, allowing defendant to file a motion for appropriate relief with the trial court.

I. Background
On the night of 24 December 2006, approximately 50 to 100 people were gathered outside Wings and Things, a sports bar in Williamston, North Carolina. At approximately midnight, Antonio Perkins and Kendrick Perkins exited the sports bar and sat in a car in the parking lot with a man named Donte Colburn and drank beer; a fourth person, Anterio Council, stood outside of the car. As the men were talking, Terrance Whitley ("defendant"), came out of Wings and Things, walked past the car with his hand in his shirt, and walked back to the entrance of the bar where he stood with a crowd of people. No words were exchanged between defendant and the occupants of the car at this time. A few minutes thereafter, Antonio Perkins and Donte Colburn exited the car and began walking towards the entrance of the sports bar.
Antonio Perkins testified that before he reached the entrance of the sports bar, he heard two gunshots and instinctively began to run. According to Antonio Perkins, within a few seconds he stopped running, threw his hands in the air, turned around, and saw defendant raise the gun and point it towards him. Antonio Perkins testified that at that moment he turned to continue running, and was struck by one bullet in his back. Antonio Perkins further testified that, after being shot, he ran from the parking lot to a nearby house for help.
Kendrick Perkins testified that at the moment Antonio Perkins and Anterio Council exited the car, he lost sight of the two men and he heard gunshots. Kendrick Perkins then got out of the car and proceeded to the sports bar. Kendrick Perkins testified defendant then walked towards him with the gun pointed at him and said, "Oh, you a gangster, huh. You a gangster." Kendrick Perkins responded, "Man, go ahead with that." Kendrick Perkins testified that defendant then walked closer, pointed the gun at his head and said, "Okay, well, since you a gangster, die like a gangster." Kendrick Perkins stated that he then lost consciousness and he did not remember anything else happening until he woke up in the hospital.
Two witnesses, Tamaria Williams and Talonda Williams, were both present at the time of the shooting in the Wings and Things parking lot. Tamaria Williams testified that she and Talonda Williams were sitting in the car in the parking lot while Antonio Perkins and Kendrick Perkins were sitting in a car behind them. Both Tamaria Williams and Talonda Williams testified that as they were sitting in the car, defendant stood in front of their car, pulled a silver gun from under his shirt, and fired three shots in the direction to the rear of their car.
When the Williamston police arrived on the scene, Sergeant William Stokes ("Sergeant Stokes") found Kendrick Perkins lying on the ground bleeding from a head wound. Sergeant Stokes immediately called for an ambulance while a few bystanders tended to Kendrick Perkins. After realizing there was nothing he could do for the victim, Sergeant Stokes collected evidence from the scene.
Sergeant Stokes found several shell casings on the asphalt, marked the location of the casings, placed them in evidence bags, and locked them in his patrol car to prevent losing the evidence as the large crowd of people attempted to exit the lot. Sergeant Stokes then found a silver, 9mm Ruger pistol in an empty parking space. In the process of securing the pistol, one shell casing was ejected from the gun barrel. Sergeant Stokes placed the ejected shell casing and the pistol in separate evidence bags and secured the items in his patrol car. One Winchester Luger 9mm live round was also found several feet from the entrance of the sports bar. Later, at the police department, Sergeant Stokes catalogued, and sealed all evidence recovered from the scene.
Williamston police officer, Officer Lisa Hester ("Officer Hester"), who also responded to the shooting, testified that she transcribed a voluntary statement from defendant after he signed a written waiver of his Miranda rights. In this voluntary admission, defendant stated that, while he was standing in the parking lot of Wings and Things, a male approached him, pulled a gun from behind his back and motioned as if he were going to strike defendant with the gun. Defendant stated that he grabbed the gun, and the man's arm, and pushed the man back. Defendant stated that at this point, the gun discharged, defendant then threw the gun to the ground, and left the parking lot.
Defendant was indicted for assaulting Kendrick Perkins and Antonio Perkins with a deadly weapon with intent to kill inflicting serious injury. On 1 April 2008, in Martin County Superior Court, a jury found defendant guilty of both charges. Judge William C. Griffin sentenced defendant to two consecutive terms, each for a minimum of 116 months and a maximum of 149 months. Defendant appeals.

II. Issues
On appeal defendant seeks a new trial and makes multiple assignments of error pertaining to four issues: (1) whether the trial court committed plain error in allowing the jury to consider inadmissible evidence relating to the pistol and bullet casings; (2) whether the trial court committed plain error by allowing the prosecutor to testify to facts not in evidence; (3) whether the trial court erred by making comments regarding the duration of the trial in the presence of the jury; and (4) whether the record demonstrates defendant received "possible" ineffective assistance of counsel.

III. Analysis

A. Admissibility of Evidence
In his first argument, defendant alleges the trial court committed plain error by allowing the prosecution to admit evidence relating to the gun and bullet casings found at the scene of the shooting. Defendant concedes that he made no objections on these issues during the trial, and has thus waived his right to object on appeal under N.C. R. App. P. 10(b)(1). See State v. Eason, 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991)). Defendant asks this Court to examine his assignments of error under plain error review. N.C. R. App. P. 10(c)(4) (2009).
Plain error analysis was adopted by the Supreme Court of North Carolina as follows:
"[T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a 'fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done,' or `where [the error] is grave error which amounts to a denial of a fundamental right of the accused,' or the error has '"resulted in a miscarriage of justice or in the denial to appellant of a fair trial"' or where the error is such as to 'seriously affect the fairness, integrity or public reputation of judicial proceedings' or where it can be fairly said `the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.'"
State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting United States v. McCaskill, 676 F.2d 995, 1002 (4th Cir.), cert. denied, 459 U.S. 1018, 74 L. Ed. 2d 513 (1982)).
This Court has held that "[p]lain error review is appropriate when a defendant fails to preserve the issue for appeal by properly objecting to the admission of evidence at trial." State v. Perkins, 154 N.C. App. 148, 152, 571 S.E.2d 645, 648 (2002). "'[T]he test for "plain error" places a much heavier burden upon the defendant than that imposed by [N.C. Gen. Stat.] § 15A-1443 upon defendants who have preserved their rights by timely objection. This is so in part at least because the defendant could have prevented any error by making a timely objection.'" State v. Dean, ___ N.C. App. ___, ___, 674 S.E.2d 453, 463 (2009) (quoting State v. Walker, 316 N.C. 33, 39, 340 S.E.2d 80, 83-84 (1986)). Thus, to be entitled to a new trial, defendant must show not only that the trial court erred, but that the "error was so fundamental that, absent the error, the jury probably would have reached a different result." State v. Jones, 355 N.C. 117, 125, 558 S.E.2d 97, 103 (2002). Finally, "the plain error rule may not be applied on a cumulative basis, but rather a defendant must show that each individual error rises to the level of plain error." Dean, __ N.C. App. __ at __, 674 S.E.2d at 463.

1. Location of the Gun
Defendant first alleges the trial court committed plain error in permitting Sergeant Stokes to testify that he found the gun in the parking lot in proximity to a car owned by defendant. Defendant asserts the testimony that the car was owned by defendant was inadmissible under multiple sections of the Rules of Evidence: inadmissible under Rule 602 for lack of proper foundation as no evidence was introduced to establish that Sergeant Stokes had personal knowledge of the matter; inadmissible under Rule 701 for lack of reliability; inadmissible under Rule 401 for lacking relevancy; and inadmissible under Rule 403 for being unfairly prejudicial. N.C. Gen Stat. § 8C-1, Rules 602, 701, 401, 403 (2007).
As defendant did not object to this testimony at trial, this Court's plain error analysis requires defendant to establish that the admission of this testimony was error and that this error denied defendant a fair trial or that absent this error the jury would have reached a different conclusion. See State v. Jones, 355 N.C. 117, 125, 558 S.E.2d 97, 103 (2002).
A review of the record reveals that beyond Sergeant Stokes' conclusory statement that the car was owned by defendant, no evidence was admitted to establish Sergeant Stokes had personal knowledge of the ownership of the car. Thus, we must conclude that the record is insufficient to support a finding of the witness's personal knowledge that defendant owned the car. See N.C. Gen. Stat. § 8C-1, Rule 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter."). Under plain error analysis, however, defendant must establish that the admission of this testimony denied defendant a fair trial or that absent this testimony the jury would have reached a different conclusion. See Jones, 355 N.C. at 125, 558 S.E.2d at 103.
Reviewing the entire record, we find the State offered persuasive evidence of defendant's guilt, including defendant's own admission of grabbing a gun prior to its discharge, and of throwing the gun on the pavement of the parking lot after it was fired; the testimony by Sergeant Stokes that the gun found next to the car in question was the only gun found at the scene of the shootings; the testimony by two witnesses as well as the two victims that defendant fired several rounds from a gun while standing in the parking lot; and the lack of evidence that there was any other weapon used in the shootings. In light of the totality of the State's evidence, the admission of the testimony that the gun was found in proximity to a car owned by defendant did not deny defendant of a fair trial, nor did it reasonably affect the outcome of the trial. Thus, this error did not rise to the level of plain error and defendant's argument is overruled. Id.
Defendant further contends that the admission of this testimony was error as it lacked reliability, was irrelevant, and was unfairly prejudicial. Because we find the admission of this testimony by the trial court did not amount to plain error, we need not reach the merits of these arguments.

2. Gun and Bullet Casings
Defendant also alleges the trial court committed plain error by allowing the prosecution to admit into evidence the gun and several bullet casings found at the scene of the shootings. Defendant asserts that the State failed to establish a proper foundation for the evidence as the prosecution did not establish an adequate chain of custody.
This Court has recognized the well-settled law that real evidence must meet a two-prong test before it is admitted into evidence at trial: "(1) the evidence offered must be identified as the same object in question, and (2) it must be established that the evidence has not undergone a material change." State v. Brown, 101 N.C. App. 71, 75, 398 S.E.2d 905, 907 (1990). It is within the trial court's discretion to determine if the evidence offered is the same evidence that was used in the crime and that it has not been materially changed. Id. Furthermore, the State need only establish a detailed chain of custody "if the evidence offered is not readily identifiable or is susceptible to alteration and such alteration has been alleged." Id.
Here, the record supports the conclusion that the gun was readily identifiable, and the record contains no allegation by defendant that the gun was materially altered. At trial, Officer Stokes testified that the gun admitted into evidence was the gun he found at the scene. Officer Stokes also testified that shell casings found in the parking lot, the shell casing ejected from the gun while he disarmed the gun, and the live rounds found in the gun's magazine all had the same markings and were the same rounds and casings found at the scene. Additionally, one of the victims and two witnesses each testified to the silver color of the gun used in the shootings. While defendant argues that these characteristics are not unique, "[i]dentification of evidence for the purpose of admission need not be unequivocal." State v. Stinnett, 129 N.C. App. 192, 198, 497 S.E.2d 696, 700, cert. denied, 525 U.S. 1008, 142 L. Ed. 2d 436 (1998).
At trial, Sergeant Stokes testified that the evidence bag containing the gun he recovered from the scene had been opened after he sealed the bag, though he did not know who had opened the bag or for what purpose it had been opened. While defendant did question Sergeant Stokes on this issue at trial, defendant made no argument to suggest that the gun admitted into evidence was altered or even that it was not the gun recovered from the crime scene. Additionally, establishing a chain of custody with no missing links is not a prerequisite to the admissibility of articles seized by the police. "Where the articles objected to have been identified as being the same objects seized and in somewhat the same condition, as happened here, proving a continuous chain of custody is unnecessary." State v. Hart, 66 N.C. App. 702, 704, 311 S.E.2d 630, 631 (1984) (citations omitted). Thus, while we recognize that the chain of custody established for the gun and casings contained some weak links, the admission of this evidence was not error, much less plain error. The defendant's argument is overruled.
Defendant also alleges it was plain error for the trial court to permit the gun and casings into evidence as the evidence was not relevant; defendant contends the State failed to link the gun and casings to defendant or the crime. Per N.C. Gen. Stat. § 8C-1, Rule 401 "'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
Similar to the present case, in State v. Crowder the defendant argued that a gun was improperly admitted into evidence as it was not identified as the weapon used to commit the crime. See State v. Crowder, 285 N.C. 42, 46, 203 S.E.2d 38, 41 (1974), vacated in part on other grounds, 428 U.S. 903, 49 L. Ed. 2d 1207 (1976). Our Supreme Court held that the gun was admissible, as a relevant connection between the gun and the defendant was established based on the evidence that the gun was found by police in the parking lot where the victim was shot; that the parking lot was not searched immediately after the shooting due to crowd control problems; that a witness testified that defendant admitted to having a gun prior to the shooting, and the gun admitted into evidence resembled the gun he saw the defendant use; and that a second witness testified that she had seen the defendant with a gun that looked like the gun admitted into evidence. See id. at 47, 203 S.E.2d at 42.
Here, as in Crowder, the State offered persuasive evidence linking defendant to the gun and casings including defendant's own statement to Officer Hester admitting that he threw a gun to the ground after it was fired; the testimony of two witnesses that defendant fired a silver gun in the direction of the victims; the testimony of the two victims that defendant fired a gun at each of them; testimony by the police that the gun was the only gun found at the scene of the shootings; and the police testimony that the shell casings found at the scene had the same inscription as the live rounds found in the gun. We hold that the physical evidence of the gun and the casings tended to make more probable the fact that defendant used the gun to shoot Kendrick Perkins and Antonio Perkins. See N.C. Gen. Stat. § 8C-1, Rule 401. Thus, the evidence was relevant, properly admitted, and defendant's argument is without merit.
As to defendant's argument that the evidence of and the testimony relating to the gun and the casings was overly prejudicial and amounted to plain error, we also disagree. Relevant evidence is not always admissible and may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by the considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen. Stat. § 8C-1, Rule 403.
While nearly all evidence offered by the State will have a prejudicial effect on defendant, "to be excluded under Rule 403, the probative value of the evidence must not only be outweighed by the danger of unfair prejudice, it must be substantially outweighed." State v. Lyons, 340 N.C. 646, 669, 459 S.E.2d 770, 783 (1995). Here, the State's evidence, particularly defendant's own statement to the police, was highly probative of defendant's connection to the gun and casings and was not substantially outweighed by its prejudicial effect. Thus, the trial court did not err, or commit plain error, in admitting this evidence. This argument is overruled.

B. Prosecutor's Statements & Kendrick Perkins' Testimony
In his second argument, defendant alleges the trial court committed plain error by allowing prosecutor to testify to facts not in evidence and by permitting Kendrick Perkins to provide inadmissible and prejudicial testimony. We disagree.
Defendant alleges the prosecutor testified via a leading statement made during his direct examination of Kendrick Perkins. While under direct examination, Kendrick Perkins testified that defendant threatened him, pointed a gun at his head, and the next thing he remembered was waking up in the hospital. Defendant argues that the prosecutor made a statement that assumed a critical fact not in evidence  that defendant fired a gun at Kendrick Perkins  and that this statement was impermissible testimony by the prosecutor.
Under plain error analysis, defendant must first show that the trial court erred and that absent that error the jury likely would have reached a different result. See Jones, 355 N.C. at 125, 558 S.E.2d at 103. A review of the transcript reveals that defendant's counsel did object during the exchange between the prosecutor and State's witness, and the objection was sustained by the trial court. As defendant's counsel did not state the basis for his objection, we must assume it was an objection to the prosecutor's statement. Whatever counsel's reason for objecting and the judge's reason for sustaining the objection, defendant cannot be prejudiced by it.
Additionally, as defendant's counsel did not request a curative instruction, the trial court did not err in not giving one. See State v. Smith, 352 N.C. 531, 560, 532 S.E.2d 773, 791 (2000), cert. denied, 532 U.S. 949, 149 L. Ed. 2d 360 (2001). ("'[I]t is not error for the trial court to fail to give a curative jury instruction after sustaining an objection, when defendant does not request such an instruction.'") (citation omitted). Therefore, we hold there was no error, much less plain error. Defendant's argument is overruled.

III. Comments by the Trial Court
In his third argument, defendant contends that the trial court made an improper expression of opinion, such as to deny defendant a fair trial, due process, and effective assistance of counsel and requests a new trial. Specifically, defendant alleges that the trial court's expression of opinion violated N.C. Gen. Stat. §§ 15A- and 1232. A trial judge is prohibited from expressing "any opinion in the presence of the jury on any question of fact to be decided by the jury." N.C. Gen. Stat. § 15A-1222 (2007). "In instructing the jury, the judge shall not express an opinion as to whether or not a fact has been proved[.]" N.C. Gen. Stat. § 15A-1232 (2007).
The State argues that, because defendant failed to object to these comments during the trial and did not specifically allege plain error in his assignments of error, he is barred from raising these issues on appeal. We disagree. "A defendant's failure to object to alleged expressions of opinion by the trial court in violation of [N.C. Gen. Stat. §§ 15A-1222, 1232] does not preclude his raising the issue on appeal." State v. Young, 324 N.C. 489, 494, 380 S.E.2d 94, 97 (1989). Furthermore, "'[i]n evaluating whether a judge's comments cross into the realm of impermissible opinion, a totality of the circumstances test is utilized.'" State v. Jones, 347 N.C. 193, 207, 491 S.E.2d 641, 649 (1997) (quoting State v. Larrimore, 340 N.C. 119, 155, 456 S.E.2d 789, 808 (1995)). This Court has held that not every ill-advised comment made by the trial court warrants a new trial. See State v. Wise, 178 N.C. App. 154, 161, 630 S.E.2d 732, 736 (2006). "'The objectionable language must be viewed in light of all the facts and circumstances, "and unless it is apparent that such infraction of the rules might reasonably have had a prejudicial effect on the result of the trial, the error will be considered harmless."'" Id. (quoting State v. Blue, 17 N.C. App. 526, 529, 195 S.E.2d 104, 106 (1973) (citations omitted)). Finally, "[t]he burden rests upon the defendant to show that the remarks of the trial judge deprived him of a fair trial." State v. Waters, 87 N.C. App. 502, 504, 361 S.E.2d 416, 417 (1987). Here, when looking at the record as a whole, defendant cannot show that the trial court's statements had a prejudicial effect on the outcome of the trial. We review each statement in turn.
The first comment defendant points to in support of his argument occurred at commencement of the trial: "We are pretty certain we can finish this case today, I think." The defense alleges that this comment communicated to the jury that the trial court felt defendant's case was an "open-and-shut" case and "a slam-dunk." We find nothing in this comment is inherently prejudicial to defendant's case. This comment could be construed as an optimistic expression regarding the pace of the proceedings and could not reasonably be construed to have a prejudicial effect on the result of the trial.
The second comment defendant feels was prejudicial to his case was made just prior to opening statements:
Each side, members of the jury, can make an opening statement. They don't have to do this. But they're permitted to outline for you what the case is about. This is not a chance for them to persuade you to their side of the case at all. You haven't heard anything about it. When I started in this business, they weren't able to do this. Anyway.
The judge then asked the prosecutor if he wanted to make an opening statement and added, "Lawyers always like to talk, you know. Go ahead." After the prosecutor concluded his opening statement, the judge asked, "[Defendant's counsel], you want to give it a try?" Defendant's attorney responded, "I'm going to reserve that right, Your Honor."
We cannot agree with defendant that these comments conveyed to the jury that the judge felt the trial was a waste of his time. These comments amount to nothing more than an historical comment regarding opening statements and an expression of a commonly held opinion that lawyers are talkative. This innocuous commentary could not reasonably be construed as having a prejudicial effect on the outcome of the trial. See Wise, 178 N.C. App. at 161, 630 S.E.2d at 736.
The next comments by which defendant alleges he was prejudiced were made by the trial court prior to a recess for lunch: "Tell the [State's witness] to be here at two o'clock. We're not going to wait. I'm not coming back tomorrow. We're going to try this case today." As with the previous comments, we cannot conclude that these statements conveyed to the jury a negative opinion regarding defendant's case. The initial comment referring to the prosecution's witness and the subsequent statements expressing a desire to conclude the trial that day cannot reasonably be construed as prejudicing the outcome of the trial. See id.
In the final comments to which defendant objects on appeal, the judge dismissed the jury for lunch recess and sometime thereafter stated to prosecutor: "I want your other case ready to go, too[.] You know, we could finish this case and have started the other one this afternoon. I mean, this is just  we've just got to do better than we're doing." As the record is unclear as to whether the jury was in the courtroom when this comment was made, defendant cannot offer evidence of any prejudicial impact of this statement. See State v. Hester, 343 N.C. 266, 273, 470 S.E.2d 25, 29 (1996) (holding that judicial comments cannot be prejudicial to the defendant when made outside the presence of the jury). Assuming these comments were made in the presence of the jury, we find the trial court's expression of concern as to the pace of the trial did not demonstrate a trend of hostility or ridicule which could have reasonably prejudiced the outcome of the trial. See Wise, 178 N.C. App. at 161, 630 S.E.2d at 736.
Helpful to our analysis is Jones, in which the trial court's comments before the jury were similar to the comments in the case sub judice. Jones, 347 N.C. at 207, 491 S.E.2d at 649. In Jones, the trial court made repeated expressions of the desire to "move along" with the proceedings, admonitions to counsel that "[y]ou don't have to make speeches" when raising objections, and commentary to a witness that the defendant's counsel was "sure [] to ask you lots of questions." Id. at 208-10, 491 S.E.2d at 6505-1. Our Supreme Court held, however, that the trial court's comments made before the jury could not reasonably be construed as prejudicing the defendant. See id. at 211, 491 S.E.2d at 652. ("A review of the record shows that the trial court was equally stern and equally permissive to both parties in a consistent manner for the purpose of conducting a fair, efficient and controlled trial."). Thus, we find the trial court's comments in the present case, when viewed separately or in the aggregate, do not constitute an improper expression of opinion by the trial court as such to justify a new trial. Assuming arguendo that any of the comments made by the trial court herein were inappropriate expressions of opinion, defendant has not met his burden to show that the comments made by the trial court denied him a fair trial, due process, or effective assistance of counsel. This argument is overruled.

IV. Ineffective Assistance of Counsel
We construe defendant's final argument as a claim for ineffective assistance of counsel. Defendant acknowledges that extra record evidence would be required to adequately litigate the issue.
A defendant's ineffective assistance of counsel claim may be brought on direct review "when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." If an ineffective assistance of counsel claim is prematurely brought, this Court may dismiss the claim without prejudice, allowing the defendant to reassert the claim during a subsequent motion for appropriate relief proceeding.
State v. Pulley, 180 N.C. App. 54, 69, 636 S.E.2d 231, 242 (2006) (citations omitted), disc. review denied, 361 N.C. 574, 651 S.E.2d 375 (2007). "'Simply stated, the trial court is in a better position to determine whether a counsel's performance: (1) was deficient so as to deprive defendant of "counsel" guaranteed under the Sixth Amendment; and (2) prejudiced defendant's defense to such an extent that the trial was unfair and the result unreliable.'" State v. Streater, __ N.C. App. __, __, __ S.E.2d __, __ (filed 7 July 2009) (citation omitted).
Here, defendant alleges he was prejudiced by his counsel's failure to file pretrial motions, failure to sequester the State's witnesses at trial, and failure to object to incompetent, irrelevant, and unfairly prejudicial evidence on numerous occasions. Under Pulley, the proper action is to dismiss this assignment of error without prejudice, allowing defendant to file a motion for appropriate relief with the trial court. We hold the trial court is in the best position to review defendant's counsel's performance.

V. Abandoned Arguments
In filing his appeal, defendant made additional assignments of error including alleged violations of his constitutional rights. Defendant, however, did not raise these issues in his brief to this Court. Therefore, in accordance with the rules of appellate procedure, we deem these arguments abandoned, and we will not consider them on appeal. N.C. R. App. P. 28(b)(6) (2007) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned."). See State v. Elliott, 344 N.C. 242, 276, 475 S.E.2d 202, 218 (1996), cert. denied, 520 U.S. 1106, 137 L. Ed. 2d 312 (1997).

VI. Conclusion
In light of the State's overwhelming evidence of defendant's guilt, we cannot conclude that any error made by the trial court amounted to plain error. The trial court's admission of the testimony that the gun was found in proximity to a car owned by defendant did not deny defendant of a fair trial, nor did it reasonably affect the outcome of the trial. We hold that weak links in the chain of custody for the gun and casings did not render the evidence inadmissible. Additionally, the evidence of the gun and casings was relevant and not unfairly prejudicial. The prosecutor's leading statement on direct examination of the State's witness did not prejudice defendant. The trial court did not err in admitting Kendrick Perkins' testimony regarding the cause of his head wound, as he possessed sufficient personal knowledge of the event. Further, we find the trial court's comments do not constitute an improper expression of opinion. We dismiss without prejudice defendant's claim of ineffective assistance of counsel, allowing defendant to file a motion for appropriate relief with the trial court. For the foregoing reasons, we hold that defendant is not entitled to a new trial.
No error.
Judges WYNN and JACKSON concur.
Report per Rule 30(e).