ZACHARY, Judge.
Defendant Mark O'Neil Johnson appeals from his convictions for possession of cocaine with intent to manufacture, sell or deliver; manufacture of cocaine; maintaining a dwelling house for the keeping or selling of a controlled substance; and possession of drug paraphernalia. On appeal, defendant argues that (1) the trial court erred by admitting the forensic chemist's lab report and related testimony identifying the "off-white solid material" as cocaine because the State failed to establish the necessary chain of custody for the material; and (2) the trial court erred by denying defendant's motion to dismiss the cocaine-related charges against him. After careful review, we conclude that defendant received a fair trial, free from error.
Background
At trial, the State presented evidence tending to establish the following facts: On 5 December 2012, Officer Justin Matthews of the Fayetteville Police Department's "Special Projects Unit"[1] observed defendant sitting inside of a "primer-gray Corvette" that was parked in a "no parking" area of a convenience store parking lot. Officer Matthews exited his patrol car and approached the vehicle. According to Officer Matthews' testimony, defendant saw Officer Matthews and "began to panic inside the vehicle, scrambling around." Officer Matthews "noticed [defendant] had a blue vial in his hand[ ]" and witnessed defendant bring the blue vial up to his mouth and eat "a white substance from the vial ...." Subsequently, Officer Matthews had defendant exit the vehicle, took possession of the blue vial, and identified defendant as Mark Johnson.
After testing the residue in the blue vial, Officer Matthews released defendant, but began an investigation. Officer Matthews conducted three "refuse inspections" at defendant's home, searching for evidence. Then Officer Matthews obtained a search warrant for defendant's residence. During the search, Officer Matthews found and seized, inter alia , 21 white rocks in a blue vial and a "green, leafy substance." Officer Matthews testified that he and the other officers removed the rocks from the blue vial and "packaged them to be sent to a lab to determine what substance it [was]." Thereafter, defendant was indicted for possession of cocaine with intent to manufacture, sell or deliver; manufacture of cocaine; maintaining a dwelling house for the keeping or selling of a controlled substance; possession of marijuana (one-half ounce or less); and possession of drug paraphernalia. At trial, the white rock substance was admitted into evidence without objection as State's Exhibit 13B. Officer Matthews testified that State's Exhibit 13B was the same substance he seized from defendant's home, though it had "kind of been mashed [ ]" and "been kind of pressed together."
Forensic chemist Dominic Graves testified at trial regarding his analysis of the white rock substance, which he determined to be cocaine. After Graves testified that he received State's Exhibit 13A (the green plant matter) and State's Exhibit 13B (the white rock substance) from Ron Savoy of the Fayetteville Police Department, defendant objected on the basis of a break in the chain of custody because Ron Savoy had not testified. The Court overruled this objection, noting that defendant had failed to object earlier, when the items were introduced into evidence. Graves' lab report, in which he identified the white rock substance as cocaine, was admitted into evidence without objection as State's Exhibit 15.
At the close of the State's evidence, defendant made a motion to dismiss the charges against him. The trial court denied this motion, and the jury found defendant guilty of all charges. Defendant now appeals.
Discussion
I. Admission of White Rock Substance and Forensic Chemist's Lab Report and Testimony
On appeal, defendant contends that the trial court committed plain error when it admitted (1) "the white rock substance as State's Exhibit 13B," and (2) the forensic chemist's lab report and related testimony regarding the "off-white solid material." Defendant asserts that the State failed to establish the necessary chain of custody because "the evidence fails to establish that the 'off-white solid material' that Graves analyzed was the same 'white rock substance' which [Officer] Matthews seized from [defendant's] home." Specifically, defendant argues that Officer Matthews's testimony that the white rock substance "[has] kind of been mashed[ ]" and "looks like it's been kind of pressed together[,]" was evidence that the substance has been altered, and "[t]hus, the State needed to establish a 'detailed chain of custody' for the 'off-white solid material' that Graves analyzed." We disagree.
Our Supreme Court has stated that in order to admit real evidence at trial, the party offering the evidence must satisfy a two-prong test: "The item offered must be identified as being the same object involved in the incident and it must be shown that the object has undergone no material change." State v. Campbell , 311 N.C. 386, 388, 317 S.E.2d 391, 392 (1984) (citation omitted). Moreover, if the substance "by its nature ... is not readily identifiable or is susceptible to alteration by contamination or tampering, it may be necessary to prove a chain of custody to insure that the substance came from the source claimed and that its condition was unchanged." FCX, Inc. v. Caudill , 85 N.C. App. 272, 276, 354 S.E.2d 767, 771 (1987) (citing Robinson v. Life & Casualty Insurance Co. , 255 N.C. 669, 674, 122 S.E.2d 801, 804 (1961) ); see generally 2-9 Kenneth S. Broun, BRANDIS AND BROUN ON NORTH CAROLINA EVIDENCE § 248, at 964 n.87 (7th ed. 2011) (providing examples of a trial court's discretion to admit chain of custody evidence). "A detailed chain of custody has to be established 'only if the evidence offered is not readily identifiable or is susceptible to alteration and such alteration has been alleged.' If there are weak links in the chain ... these links relate to the weight of the evidence, not its admissibility." State v. Greenlee , 146 N.C. App. 729, 732, 553 S.E.2d 916, 918 (2001) (quoting State v. Brown , 101 N.C. App. 71, 75, 398 S.E.2d 905, 907 (1990) ).
Here, defendant did not object to the admission into evidence of State's Exhibit 13B (the white rock substance) or State's Exhibit 15 (the forensic lab report of the substance). After Forensic Chemist Graves testified that he received State's Exhibit 13A (the green plant matter) and State's Exhibit 13B (the white rock substance) from Ron Savoy of the Fayetteville Police Department, defendant objected on the basis of a break in the chain of custody because Ron Savoy had not testified. However, defendant made no showing or allegation that the evidence had been altered in any manner. See Brown, 101 N.C. App. at 76, 398 S.E.2d at 908 (holding that the State did not need to establish a detailed chain of custody where "defendant never raised an issue at trial that the evidence was not readily identifiable or had been altered in any way"). Accordingly, as in Brown , establishing a detailed chain of custody was not required at trial and the trial court committed no error or abuse of discretion in failing to consider this issue sua sponte.
Additionally, in the present case, the State satisfied both prongs of the test enunciated in Campbell , supra . Officer Matthews testified that State's Exhibit 13B was the same substance he seized from defendant's home, that "[w]e ... packaged [the 21 individual white rocks] to be sent to a lab to determine [the nature of the] substance," and that the white rock substance was packaged in the Fayetteville Police Department's "standard packaging to be sent off to our lab for testing." His testimony that the rocks had "kind of been mashed" and "kind of pressed together" did not constitute evidence that the substance had been materially altered. Forensic chemist Graves also testified that he had received the State's Exhibits 13, 13A, and 13B from Ron Savoy of the Fayetteville Police Department, that the Exhibits arrived in the standard packaging, and that the Exhibits "appear[ed] to be in the same condition as when [he] received [them], generally." He also testified that his initials were on the seal. This evidence was sufficient to establish that the substance was the same substance seized from defendant's home and that the substance had undergone no material change, and the trial court did not err by admitting these exhibits into evidence. See Campbell , 311 N.C. at 389, 317 S.E.2d at 392 ; see also State v. Hyman, 153 N.C. App. 396, 400, 570 S.E.2d 745, 748 (2002) ("Although a defendant may point to gaps or flaws in the chain of custody or procedure, a showing that the evidence was tampered with or altered is generally required for a reversal of the trial court's decision to admit the evidence.").
II. Motion to Dismiss
Defendant also contends that the trial court erred in denying his motion to dismiss the charges against him for possession of cocaine with intent to manufacture, sell or deliver; manufacture of cocaine; maintaining a dwelling house for the keeping or selling of a controlled substance; and possession of drug paraphernalia. We disagree.
"In ruling on a motion to dismiss, the issue before the trial court is whether substantial evidence of each element of the offense charged has been presented, and that defendant was the perpetrator of the offense." State v. Carr , 122 N.C. App. 369, 371-72, 470 S.E.2d 70, 72 (1996) (citation omitted). Our Supreme Court has explained that "[s]ubstantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion." State v. Scott , 356 N.C. 591, 597, 573 S.E.2d 866, 869 (2002) (citation omitted). We review de novo a trial court's ruling on a motion to dismiss. State v. Smith , 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). In the present case, defendant argues that the trial court erred in denying his motion to dismiss because "the State in [defendant's] case failed to present sufficient evidence that the item which the forensic chemist, Graves, analyzed ... was the same 'white rock substance' that [Officer] Matthews seized from [defendant's] home ...." In that we have already determined that this evidence was sufficient to establish that the "white rock substance" analyzed by Graves was the same substance Officer Matthews seized from defendant's home, we hold that the trial court did not err in denying defendant's motion to dismiss.
Conclusion
For the reasons stated herein, we conclude that defendant received a fair trial, free from error.
NO ERROR.
Report per Rule 30(e).
Judges ELMORE and HUNTER, JR. concur.

The Special Projects Unit is "a specialized division" that is "primarily assigned to work high-crime areas" or areas where there have been "several complaints for violent criminal acts and also drug transactions in parking areas, public places."