STATE OF NORTH CAROLINA v. BIENVENIDO DIAZ

No. 872SC560

(Filed 16 February 1988)

**1. Narcotics § 3.1— trafficking in marijuana—weight of marijuana—evidence properly admitted**

In a prosecution of defendant for trafficking in marijuana, the foundation was adequate for admission of the evidence of weight of the marijuana in question where the SBI agent who was present at the weighing described the procedure by which the weight was taken; the officers transported three trucks to a fertilizer store where they were weighed full; the marijuana was then unloaded and the trucks were weighed empty; the cargo weighed 43,450 pounds; the scales had been certified within seven months of the weighing; and the weight taken exceeded the minimum weight charged by more than 30,000 pounds, thus making the weight issue less critical.

**2. Narcotics § 3.1— trafficking in marijuana—weight tickets—admissibility**

The trial court in a prosecution for trafficking in marijuana did not err in admitting weight tickets into evidence where defendant opened the door for this evidence by questioning whether the numbers which an SBI agent claimed to have read from the scales were actually a reflection of the weight measured by the scales, and the weight tickets corroborated his testimony.

**3. Criminal Law § 33— trafficking in marijuana—evidence of other smuggling activities—error not prejudicial**

Though the trial court erred in a marijuana trafficking case in permitting an admitted smuggler to testify regarding other smuggling activities which supposedly led to this marijuana trafficking operation, such error was not prejudicial, since defendant was not implicated in any of the previous activities.

**4. Criminal Law § 117.4— accomplice testimony—jury instructions proper**

The trial judge properly instructed on accomplice testimony where he instructed that such testimony should be examined with the greatest care and caution but, if believed, should be treated the same as any other believable evidence.

APPEAL by defendant from *William Z. Wood, Judge.* Judgment entered 14 November 1986 in Superior Court, HYDE County. Heard in the Court of Appeals 7 December 1987.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Debbie K. Wright, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Geoffrey C. Mangum, for defendant appellant.*

BECTON, Judge.

Defendant Bienvenido Diaz was first tried and convicted of "trafficking in more than 10,000 pounds of marijuana" in January 1985. Upon appeal, the North Carolina Supreme Court granted defendant a new trial. *State v. Diaz*, 317 N.C. 545, 346 S.E. 2d 488 (1986). In November 1986, defendant was tried and convicted of the same offense again, was sentenced to 35 years in prison and was fined $200,000. Defendant appeals. We find no prejudicial error.

I

The State's evidence at trial showed the following: State Bureau of Investigation (SBI) Agent Malcolm McLeod testified that he and a combined force including officers from the SBI, the Hyde and Dare Counties Sheriffs' Departments, and the State Wildlife Office raided a marijuana smuggling operation at the point where Long Shoal River debouches into Pamlico Sound on 2 May 1984. The officers converged on an area known locally as Fifth Avenue after conducting an extensive surveillance operation. During the raid, the officers confiscated 755 bales of marijuana and several vehicles, including a tractor-trailer rig, several Ryder rental trucks, some flat-bottomed boats, and a Buick Regal automobile.

The smugglers ran into the marsh and the sound to avoid capture. A number of individuals were taken into custody within minutes of the raid. The next day, four individuals were arrested at the Wahoo Fishing Center near Stumpy Point, twelve miles north of Fifth Avenue. On Friday, 4 May, another individual was found hiding inside a boat near the Highway 264 bridge over Long Shoal River and a second person was apprehended walking south along Highway 264 approximately one-half mile south of Fifth Avenue. On Saturday, 5 May, defendant was arrested as he walked along Highway 264 approximately ten miles from the site of the raid.

The parties stipulated that the samples taken from each of the 755 bales were identified by an SBI chemist as marijuana.

The State also presented testimony of three of the smugglers. Dean Harrelson said he, along with his partner Jack Spratt, were the North Carolina organizers for Frank Concepcion and Al-

State v. Diaz

berto Jimenez of Miami. Harrelson said he saw defendant at a house at Duck (one of the smugglers' hidden refuges) and drove him with Luis Concepcion to Norfolk to rent the Buick Regal. During the night of the offloading, Harrelson said defendant attempted to operate one of the flat-bottomed boats but was unsuccessful due to engine problems.

Reinerio Fonseca testified that he "believed" he saw defendant at the house in Duck.

Eugene Andrews said he recalled seeing defendant at the house in Duck shortly before he left to meet the "mothership" offshore.

Defendant presented evidence that he was at the Norfolk airport; that Rolando Tudela borrowed his credit card to rent a car; that he was not at the house at Duck; and that he was not at the Fifth Avenue site.

Defendant also presented testimony of eleven people who had entered guilty pleas to trafficking charges for the same incident. All of defendant's witnesses testified that they did not see defendant in Duck or at Fifth Avenue.

II

Defendant makes four arguments on appeal. We will address them in order.

A

[1] Defendant first contends that the trial court erred in overruling his objection to testimony by SBI Agent McLeod concerning the weight of the marijuana because the State did not establish a foundation for that testimony. Defendant argues that the State failed to demonstrate that the person who conducted the weighing was qualified and also failed to show that the scales were in good working order on the day of the weighing. He argues that the weighing was inadequate because the State failed to adhere to all of the technical requirements set out in N.C. Gen. Stat. Sec. 81A (1985) for weighing commodities.

Weight is one of the essential elements of the crime charged in this case; thus, the State bears the burden of proving beyond a reasonable doubt that the weight of the marijuana was 10,000

pounds or more. N.C. Gen. Stat. Sec. 90-95(h)(1)(d) (1985); *State v. Gooch*, 307 N.C. 253, 297 S.E. 2d 599 (1982). Unlike tests that are prescribed by statute such as the breathalyzer test, the criminal statutes do not provide specific procedures for obtaining weights of contraband. Thus ordinary scales, common procedures, and reasonable steps to ensure accuracy must suffice. In the instant case, Agent McLeod, who was present at the weighing, described the procedure by which the weight was taken. The officers transported three trucks to Hoover Curthrell's fertilizer store where they were weighed full. The marijuana was then unloaded, and the trucks were weighed empty. According to Mr. Curthrell's scales, the cargo weighed 43,450 pounds. Agent McLeod stated that the scales were certified within seven months of the weighing. We hold that the foundation was adequate for admission of the evidence of weight. Moreover, this Court has often noted that "the weight element upon a charge of trafficking in marijuana becomes more critical if the State's evidence of the weight approaches the minimum weight charged." *See State v. Anderson*, 57 N.C. App. 602, 608, 292 S.E. 2d 163, 167, *cert. denied*, 306 N.C. 559, 294 S.E. 2d 372 (1982). In the case *sub judice* the weight taken exceeded the minimum weight charged by more than 30,000 pounds.

This assignment of error is overruled.

B

[2] Defendant next contends that the trial court erred in overruling his objection to the admission of weight tickets in evidence because the State failed to establish a foundation for them and they were inadmissible hearsay. Defendant argues that the weight tickets were not admissible for any of the nonhearsay purposes outlined in Rule 803 of the North Carolina Rules of Evidence. The State argues, on the other hand, that the tickets were offered to corroborate Agent McLeod's previous testimony and to refute testimony elicited on cross-examination. We agree with the State. Defendant opened the door for this testimony by questioning whether the numbers that Agent McLeod claimed to have read from the scales were actually a reflection of the weight measured by the scales. The weight tickets corroborated his testimony. *See State v. Burns*, 307 N.C. 224, 229, 297 S.E. 2d 384, 387 (1982), *citing Brandis on North Carolina Evidence*, Secs. 49 and 52

(2nd rev. ed., 1982); *See State v. McKeithan,* 293 N.C. 722, 239 S.E. 2d 254 (1977). This assignment of error is overruled.

C

[3]  Defendant next contends that the trial court erred in permitting admitted smuggler Dean Harrelson to testify regarding the other smuggling activities which, supposedly, led to this marijuana trafficking operation, because the testimony was irrelevant and prejudicial. Harrelson testified that he became involved in the drug smuggling operation in May of 1983. He then outlined several other smuggling jobs, some aborted, others completed. He did not implicate defendant in any of these previous activities. He did testify to defendant's involvement in the operation that led to the charges in this case. The State argues that this "background information" was essential to the jury's understanding of the events that led to the arrest in this case. We disagree. We fail to see the relevance of any of these previous crimes to the crime charged. Indeed, the trial judge sustained defendant's objections to questioning regarding the two aborted smuggling ventures; however, the trial judge failed to instruct the jury to ignore Harrelson's testimony, and permitted him to recount the details of other smuggling ventures.

The question then, for us to resolve, is whether the defendant was prejudiced by the erroneously admitted testimony. The State presented abundant evidence of the drug smuggling operation that led to defendant's arrest. There was no disputing that a huge drug smuggling operation was uncovered by the raid. The question for the jury was whether defendant was one of the operation's many participants. Because defendant was not implicated in any of the other alleged activities, we find that he was not prejudiced by the trial judge's erroneous ruling to admit the testimony and his failure to properly caution the jury. Thus, we hold that the error was harmless.

D

[4]  Defendant lastly contends that the trial court erred in instructing the jury that "an accomplice is interested in the outcome of the trial and his testimony should, therefore, be examined with the greatest care and caution," because the instruction constituted a comment on the credibility of defendant's

witnesses in violation of N.C. Gen. Stat. Sec. 15A-1232 (1983). We disagree. When all the evidence shows a witness to be an accomplice, then the trial judge may, upon timely request, instruct that the witness's testimony should be carefully scrutinized. *State v. Harris*, 290 N.C. 681, 699, 228 S.E. 2d 437, 447 (1976). The trial judge must further advise the jury that if the testimony is believed, it should be given the same weight as any other credible evidence. *State v. Pryor*, 59 N.C. App. 1, 13, 295 S.E. 2d 610, 618 (1982). The trial judge instructed the jury as follows:

> There is evidence which tends to show that certain witnesses were an accomplice [sic] in the commission of the crime charged in this case. An accomplice is a person who joins with another in the commission of a crime. The accomplice may actually take part in acts necessary to accomplish the crime or he may knowingly help or encourage another in the crime, either before or during its commission. An accomplice is considered by the law to have an interest in the outcome of the case. You should examine every part of the testimony of the accomplice witness with the greatest care and caution. If, after you do so, you believe the testimony of the witness in whole or in part, you should treat what you believe the same as any other believable evidence in the case.

The admonition applied to the State's witnesses as well as to defendant's. This assignment of error is without merit.

No prejudicial error.

Chief Judge HEDRICK and Judge GREENE concur.