**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41015**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2014 Opinion No. 101** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: December 4, 2014** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| JOHN M. BARBER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Barbara A. Buchanan, District Judge.

Judgment of conviction and sentence for felony possession of marijuana, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant. Eric D. Fredericksen argued.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

_____

LANSING, Judge

John M. Barber appeals from his conviction for felony possession of marijuana. He contends that the district court erred by overruling his objection, based on lack of foundation, to a police officer's testimony on the weight of the marijuana as shown on a scale. We affirm.

**I.**

**BACKGROUND**

Marijuana was discovered in Barber's vehicle following a traffic stop. Barber was charged with felony possession of marijuana, which requires that the amount of marijuana possessed be greater than three ounces. Idaho Code § 37-2732(e). The matter proceeded to trial.

The arresting officer weighed the marijuana found in Barber's vehicle, and his testimony provided the sole evidence of the weight of the drugs. The officer testified that the marijuana was contained in five separate jars. In preparing to weigh the substance on a digital scale, the

1

officer first placed a one-gallon plastic bag on the scale and found it to weigh nine grams. He then emptied each jar of marijuana into a separate one-gallon bag, weighed each bag on the scale and, subtracting nine grams from that weight, marked each bag with the determined weight of the marijuana it contained. With respect to accuracy of the scale, the officer testified:

> The scale, when you turn it on, it's got an internal calibration so that it calibrates itself. And when it sets itself to--it's 0.0, you know that that calibration is going to be correct on what you are weighing.

When the officer was then asked the total weight of marijuana in the bags, the defense objected that "proper foundation has not been laid for that to be a correct and official weight at this time." The jury was excused for argument on the objection, at which time the prosecutor informed the court that the officer would testify that the weight of the marijuana was in excess of 4.2 ounces. The district court ultimately overruled the defense objection, holding that an adequate foundation had been laid for admission of the officer's testimony on the weight of the marijuana as measured on the digital scale.

When the jury was recalled, the officer testified that the marijuana weighed 4.24 ounces. After this weight testimony had been presented, on redirect examination of the officer, the prosecutor elicited the officer's further testimony that he had also weighed the marijuana on a separate triple-beam balance scale which indicated a weight "exactly identical" to the digital scale weight. The defense made no objection to this testimony. The jury returned a guilty verdict.

Barber appeals from the judgment of conviction, challenging only the admission of the weight testimony over his objection that it lacked foundation.

## II.

## ANALYSIS

Barber contends that the officer's testimony as to the weight of the marijuana should not have been admitted because the State did not lay the necessary foundation to show that the digital scale was accurate. This issue--the foundation required to show the accuracy of a scale before evidence of weight may be admitted into evidence--is one of first impression in this state.

Idaho Rule of Evidence 901(a) requires "authentication or identification as a condition precedent to admissibility," which "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." *See also State v. Koch*, 157 Idaho 89, 96,

334 P.3d 280, 287 (2014). Rule 901(b) contains an illustrative, but not exhaustive, list of suggested methods of authentication, including "[e]vidence describing a process or system used to produce a result and showing that the process or system produces an accurate result." I.R.E. 901(b)(9). The analog federal rule has been said to govern the authentication of data produced by a machine, such as a radar gun or a breathalyzer. 31 WRIGHT & GOLD, FEDERAL PRACTICE & PROCEDURE 152-53 (2000). Thus, where evidence is derived from testing with a mechanical or scientific device, the proper use and accuracy of the device in question generally must be established by the proponent in order to introduce the evidence at trial. *State v. Williamson*, 144 Idaho 597, 605, 166 P.3d 387, 395 (Ct. App. 2007) (use of laser to measure speed); *State v. Kane*, 122 Idaho 623, 624-25, 836 P.2d 569, 570-71 (Ct. App. 1992) (use of radar to measure speed). So long as the foundation concerning the accuracy of the device meets the minimal "sufficient to support a finding" standard of Rule 901(a), defects in the foundation go to the weight, not admissibility, of the evidence. 31 WRIGHT & GOLD, FEDERAL PRACTICE & PROCEDURE at 153. Whether the proponent has presented a proper foundation upon which to admit evidence is a matter within the trial court's discretion. *Koch*, 157 Idaho at 96, 334 P.3d at 287; *Harris, Inc. v. Foxhollow Constr. & Trucking, Inc.*, 151 Idaho 761, 770, 264 P.3d 400, 409 (2011); *State v. Gilpin*, 132 Idaho 643, 646, 977 P.2d 905, 908 (Ct. App. 1999). We therefore review the district court's decision here for an abuse of discretion.

It appears to be universally recognized that before a witness may testify to the weight of controlled substances that are the subject of a criminal charge, foundational evidence must be presented to establish the accuracy and reliability of the electronic or mechanical scale on which the controlled substances were weighed. *See, e.g.*, *State v. Manewa*, 167 P.3d 336, 343 (Haw. 2007); *State v. Taylor*, 587 N.W.2d 604, 605-06 (Iowa 1998); *Commonwealth v. Podgurski*, 961 N.E.2d 113, 122-23 (Mass. App. Ct. 2012); *State v. Richardson*, 830 N.W.2d 183, 188 (Neb. 2013). We will not attempt here to define a specific manner by which foundation must be laid in every such case, as trial courts' decisions regarding sufficient foundation involve discretion and the foundational requisites will necessarily differ depending upon the facts of each case. We do, however, note a number of principles expressed by courts of other jurisdictions with which we agree.

First, where the scale is asserted to be accurate based on calibration, an unexplained, conclusory statement that the scale has been "calibrated" without any further admissible

3

evidence of when, how, or by whom this was accomplished is generally insufficient to provide foundation for admission of the test results. *See Manewa*, 167 P.3d at 353-56; *Podgurski*, 961 N.E.2d at 123 n.17; *Richardson*, 830 N.W.2d at 190. Pretesting the scale against a known weight in the general weight-range of the substance to be tested is a simple way to calibrate a scale for purposes of foundation in most cases. *See, e.g.*, *McKnight v. State*, 1 N.E.3d 193, 203-04 (Ind. Ct. App. 2013); *Smith v. State*, 829 N.E.2d 64, 77 (Ind. Ct. App. 2005); *Podgurski*, 961 N.E.2d at 123; *Richardson*, 830 N.W.2d at 190.

Second, some description of the scale and its precision is preferable, as all scales are not equal in quality or sensitivity. *See People v. Speed*, 436 N.E.2d 712, 716 (Ill. App. Ct. 1982); *McKnight*, 1 N.E.3d at 203-24; *Smith*, 829 N.E.2d at 77; *Podgurski*, 961 N.E.2d at 122; *Richardson*, 830 N.W.2d at 189-90.

And third, the level of precision and accuracy of a scale holds greater importance, requiring a stronger foundational showing, where the weight of the substance at issue approaches the minimum weight necessary to sustain the criminal charge. For example, in *State v. Diaz*, 365 S.E.2d 7, 9 (N.C. Ct. App. 1988), where the defendant was charged with "trafficking in more than 10,000 pounds of marijuana," the court concluded that a minimal foundation concerning the accuracy of a truck scale on which the marijuana was weighed was adequate because the weight of the seized marijuana in that case "exceeded the minimum weight charged by more than 30,000 pounds." The court stated that "the weight element . . . becomes more critical if the State's evidence of the weight approaches the minimum weight charged." *Id.* Similarly, in *State v. Dampier*, 862 S.W.2d 366, 374 (Mo. Ct. App. 1993), the court found no error in admission of the weight of marijuana despite a minimal showing as to the scale's accuracy, where only one-half of one of four bags of the marijuana was found to be over the required minimum, the court noting that the "case did not hinge on meticulously precise weight." *Id.* at 374. Likewise, in *McKnight*, 1 N.E. 3d at 203-04, the court rejected a challenge to the accuracy of scales in part because "McKnight makes no argument that there is a reasonable possibility that the scale used here to weigh the cocaine was so inaccurate that it measured less than three grams of cocaine as weighing over eight grams." Conversely, the court in *State v. Richardson*, 830 N.W.2d 183 (Neb. 2013), held that a chemist's testimony regarding general procedures used by the laboratory to determine a scale's accuracy, including weekly calibration checks, was not sufficient foundation for her testimony regarding the weight of cocaine where the reported weight was

4

10.25 grams, which was very close to the ten-gram minimum required for the charged offense. The court said that although the foundation presented in that case "might conceivably have been harmless in a case where the weight was well above the minimum, in the context of the present case, we conclude that a more precise foundation regarding accuracy of the scale was required." *Id.* at 189.

In the present case, the State was not required to prove that the marijuana weighed precisely 4.24 ounces as the officer testified; rather, the State had only to prove that the weight of the marijuana was greater than three ounces in order to sustain a felony conviction. Therefore, the accuracy of the scale is not as critical as it would be if the measured weight were barely above the statutory threshold, and consequently, the required foundation may be somewhat less stringent.

Nevertheless, the officer's bare testimony that the digital scale had an "internal calibration so that it calibrates itself" is insufficient to establish the accuracy of the scale, for there was no evidence showing the basis of the officer's claimed knowledge that the scale self-calibrated and no evidence that the scale had ever been tested to verify that the claimed self-calibration function was working properly. We hold that a mere conclusory statement that a scale is self-calibrating, standing alone, is not enough to establish accuracy and thereby lay a foundation for the results shown by the scale.

This deficiency does not establish reversible error, however, because the State submitted other evidence that the digital scale was accurate and reliable. Specifically, the officer testified that he also weighed the marijuana on a separate triple-beam scale and that the weight was "exactly identical" to the digital scale weight. While Barber argues that it would be "illogical" to permit "using one scale that has not been calibrated or shown to be accurate to 'calibrate' or verify another scale that has not been calibrated or shown to be accurate," we do not share his assessment. In the absence of evidence of individual calibration of each scale it is possible that both scales were inaccurate, but it is highly unlikely that they would be *identically* inaccurate. According to the officer's testimony, the two scales registered exactly the same weights for all of the bags of marijuana. Each scale thereby confirmed the accuracy of the other, at least to the level of meeting the minimal "sufficient to support a finding" admissibility standard of Rule 901(a).

5

We recognize that the officer's testimony that he weighed the marijuana on the triple-beam scale was not admitted until after he had testified to the weight of the marijuana on the digital scale, whereas Idaho Rule of Evidence 901(a) requires "authentication or identification as a condition *precedent* to admissibility." (Emphasis added.) Therefore, the foundation was inadequate when the officer was allowed to testify to the weight as measured on the digital scale. This deficiency in the foundation was cured, however, by the subsequent testimony that the triple-beam scale registered precisely the same weight for the marijuana. A trial error does not call for reversal unless the substantial rights of a party are affected. *See* I.R.E. 103(a); Idaho Criminal Rule 52; *State v. Parker*, 157 Idaho 132, 139-40, 334 P.3d 806, 813-14 (2014); *State v. Shackelford*, 150 Idaho 355, 363, 247 P.3d 582, 590 (2010). An adequate foundation demonstrating the accuracy of the digital scale was ultimately presented here, and the anomaly in the *timing* of the foundational evidence did not affect Barber's substantial rights. Therefore, Barber has not shown reversible error.

Because we find no reversible error in the admission of the State's evidence concerning the weight of the marijuana, the judgment of conviction is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**