IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. AYALA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

FRANCISCO J. AYALA, APPELLANT.

Filed April 14, 2015.   No. A-14-386.

Appeal from the District Court for Scotts Bluff County: RANDALL J. LIPPSTREU, Judge, on appeal thereto from the County Court for Scotts Bluff County, KRISTEN D. MICKEY, Judge. Judgment of District Court affirmed.

Bell Island, of Island & Huff, P.C., L.L.O., for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

BISHOP, Judge.

Francisco J. Ayala was convicted of driving under the influence (DUI), over .15. Ayala challenges the admissibility of his blood test, arguing that the person who tested his blood did not have the proper Class A permit. The question before us is whether a Class A permit for "automated headspace gas chromatography," complies with 177 Neb. Admin. Code, ch. 1, § 006.04 (2009), which lists that one of the approved methods for a Class A permit is "gas chromatography." We find that a Class A permit for automated headspace gas chromatography is a proper permit pursuant to § 006.04, and thus the admission of Ayala's blood test into evidence was not an abuse of discretion. We therefore affirm.

- 1 -

## BACKGROUND

Ayala was arrested for DUI and taken to Regional West Medical Center in Scottsbluff, Nebraska, for a blood test. The blood sample was tested by Amy Langan, a forensic scientist with the Nebraska Health and Human Services Laboratory. Langan held a Class A permit authorizing her to perform "Automated Headspace Gas Chromatography."

Ayala was charged with "DWI (Blood) over .15, 1st offense," a Class W misdemeanor. Ayala filed a motion in limine seeking to exclude the blood test result because he alleged the blood was tested by a person who did not have a proper Class A permit pursuant to Title 177. At a hearing on the motion in limine, Ayala argued that Title 177 lists "gas chromatography" as an approved method for Class A permits, but forensic scientist Langan's Class A permit states her approved method as "automated headspace gas chromatography"; therefore, he argues that Langan did not have an authorized permit under Title 177. After reviewing the evidence, the court stated "the fact that the permit says gas chromatography after two adjectives describing the nature of the gas chromatography in this court's mind does not violate the Title 177, and specifically Section 006.004" and to rule otherwise would be "an ultra technical and unnecessarily strict reading of [T]itle 177." The county court overruled Ayala's motion in limine.

At trial, Langan's Class A permit came into evidence over Ayala's objections as to foundation and relevance. Ayala's blood test result of .21 grams of alcohol per 100 milliliters of blood came into evidence over Ayala's objection as to foundation. Ayala was convicted by a jury and the county court accepted the jury's verdict.

Ayala appealed to the district court. The district court determined that the additional words "automated headspace" on Langan's Class A permit were insignificant, and "[a]ny variation between Title 177 and Langan's Class A permit was insufficient to invalidate Langan's valid Class A permit." The district court therefore affirmed Ayala's conviction.

Ayala now appeals to this court.

## ASSIGNMENTS OF ERROR

Ayala assigns that the county court erred in finding that the blood test was admissible when the person who tested the blood did not have the proper Class A permit.

## STANDARD OF REVIEW

An appellate court reviews the trial court's conclusions with regard to evidentiary foundation for an abuse of discretion. *State v. Richardson*, 285 Neb. 847, 830 N.W.2d 183 (2013).

## ANALYSIS

Currently, Neb. Rev. Stat. § 60-6,201 (Reissue 2010) requires that a chemical test be performed in accordance with the procedures approved by the Department of Health and Human Services Regulation and Licensure and by an individual possessing a valid permit issued by that department for such purpose. There are four foundational elements the State must establish for admissibility of a chemical test in a DUI prosecution: (1) that the testing device was working properly at the time of the testing, (2) that the *person administering the test* was qualified and *held a valid permit*, (3) that the test was properly conducted under the methods stated by the Department

of Health and Human Services Regulation and Licensure, and (4) that all other statutes were satisfied. *State v. Kuhl*, 276 Neb. 497, 755 N.W.2d 389 (2008) (emphasis added). In the instant case, Ayala argues that his blood test was inadmissible because Langan did not hold a proper Class A permit.

A Class A Permit is "a permit to perform a chemical test to analyze a subject's blood for alcohol content by an approved laboratory method." 177 Neb. Admin. Code, ch. 1, § 001.08A (2009). The Nebraska Department of Health and Human Services issues the permit, which shall state the class of permit, and approved method. 177 Neb. Admin. Code, ch. 1, § 003.01 (2009). The list of approved methods for Class A permits are (1) Gas Chromatography, (2) Enzymatic Alcohol Dehydrogenase, and (3) Radiative Energy Attenuation. 177 Neb. Admin. Code, ch. 1, § 006.04 (2009).

Langan has a Class A permit from the Nebraska Department of Health and Human Services authorizing her to analyze blood samples using "Automated Headspace Gas Chromatography." Langan testified that she used the gas chromatography method to analyze Ayala's blood, and that the specific technique she used was "automated headspace." She explained that "automated headspace" describes how to get the sample from the headspace vials onto the gas chromatograph, but that the instrument used to test Ayala's blood was a gas chromatograph.

Based on our plain reading of Title 177, we agree with the county court's finding that the words "automated headspace" are merely descriptive of the nature of the gas chromatography used by Langan and does not violate 177 Neb. Admin. Code, ch. 1, § 006.04. Because Langan held a proper Class A permit, the admission of Ayala's blood test into evidence was not an abuse of discretion.

CONCLUSION

For the reasons stated above, we find that Langan held a proper Class A permit and thus the admission of Ayala's blood test into evidence was not an abuse of discretion. Accordingly, we affirm the decision of the district court, which affirmed the county court.

AFFIRMED.